**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

BRAYAN ALEXANDER LOPEZ RIVAS,

Petitioner,

v.

ERNESTO SANTACRUZ, JR., et al.,

Respondents.

Case No. 5:26-cv-02169-AYP

**ORDER CONVERTING TEMPORARY RESTRAINING ORDER TO PRELIMINARY INJUNCTION**

## I. SUMMARY

Before the Court are responses to the Court's Order to Show Cause (Dkt. No. 13) as to why a preliminary injunction should not issue in this action to prevent Petitioner Brayan Alexander Lopez-Rivas from being re-detained unless certain procedural requirements are met. Respondents filed a Response on May 20, 2026. (Dkt. No. 16 ("Respondents Response to OSC")). Petitioner filed a Reply on May 22, 2026, which the court accepted, Dkt. No. 17.

The Court now ORDERS the Temporary Restraining Order ("TRO"), Dkt. No. 13, to be converted into a preliminary injunction. All four *Winter* factors weigh

in favor of a preliminary injunction regarding Petitioner's unlawful detention claim, and Petitioner's request and underlying Petition are not moot.

## II. BACKGROUND

The parties are by now quite familiar with the factual background of this action, which is largely set forth in the Court's Order Granting Petitioner's Motion for a Temporary Restraining Order. (Dkt. No. 13 ("TRO Order").) The Court will therefore not repeat all of those facts here but incorporates by reference the factual background from the TRO Order.

The Court issued the TRO Order requiring Petitioner's release from custody and enjoining Respondents from re-detaining Petitioner unless certain procedural requirements were met. (TRO Order.) The Court also ordered Respondents to show cause ("OSC") as to why a preliminary injunction should not issue. (*See id.*).

On May 7, 2026, Respondents released Petitioner from detention. (Dkt. No. 14 ("Petitioner's Status Report").) On May 20, 2026, Respondents filed a Response to the OSC arguing that, because Petitioner has been released from detention, the requested preliminary injunction and the underlying habeas Petition (Dkt. No. 1) are now moot. (*See generally* Dkt. No. 16 ("Respondents' Response to OSC").) Petitioner filed a Reply arguing that the case remains live under threat of third country removal and because it is capable of repetition. (Dkt. No. 17 ("Petitioner's Reply To OSC").)

## III. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 65, a court may grant preliminary injunctive relief to prevent "immediate and irreparable injury." Fed. R. Civ. P. 65(b). A party seeking a preliminary injunction must establish that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of the equities tips in his favor; and (4) an injunction is in the public interest. *See Toyo Tire Holdings of Ams. Inc. v. Cont'l Tire N. Am., Inc.*, 609 F.3d 975, 982 (9th Cir. 2010) (citing *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008)).

These elements—referred to as the *Winter* factors—can be balanced on a sliding scale, allowing a preliminary injunction to issue where there are "serious questions going to the merits" and the balance of hardships "tips sharply towards the plaintiff," "so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131, 1132–35 (9th Cir. 2011) (concluding that district courts may use a sliding-scale approach but requiring all four Winter factors to be met).

**IV. DISCUSSION**

The Court incorporates the reasoning of the TRO Order regarding the *Winter* factors and finds that Petitioner is likely to succeed on the merits of his unlawful detention claim as a result of regulatory violations alleged by Petitioner. Respondents present no further argument to the contrary. Rather, Respondents argue that this case is now moot because Petitioner was released from detention. (Respondents' Response to OSC at 2–3.)

Courts have rejected mootness arguments following release when presented with the same or similar due process claims as those raised here. *See, e.g., Teroganesyan v. Noem*, No. EDCV 26-00124-MWF (MAA), 2026 WL 530769, at *2 (C.D. Cal. Feb. 20, 2026); *Baltazar v. Noem*, No. EDCV 26-00015-MWF (MBK), 2026 WL 413527, at *2 (C.D. Cal. Jan. 30, 2026); *Cruz v. Lyons*, Case No. EDCV 25-02879-MCS (MBK), 2025 WL 3443146, at *2 (C.D. Cal. Dec. 1, 2025); *M.V.F. v. Santacruz*, Case No. CV 25-11700-MEMF (E), 2026 WL 127740, at *2–3 (C.D. Cal. Jan. 6, 2026). *See Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007) ("For a habeas petition to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition.").

The Court adopts the reasoning in these cases and concludes that Petitioner's requested relief is not mooted by his release. *See M.V.F.*, 2026 WL 127740, at *2–3

(granting preliminary injunction and concluding that TRO enjoining respondents from re-detaining petitioner without following procedures in 8 C.F.R. §§ 241.4(l)(1) and 241.13(i) did not moot the case). Specifically, Petitioner has already alleged he has been detained once without adequate due process, and thus has put forward allegations supporting "a high risk that the government would erroneously deprive—and already has erroneously deprived—[Petitioner's] liberty interest absent" sufficient process. *See N.Y.V.D. v. Santracruz*, Case No. EDCV 25-03404-WLH (SP), 2025 WL 3786964, at *6 (C.D. Cal. Dec. 23, 2025).

## V. CONCLUSION

Accordingly, the need for further preliminary relief and Petitioner's underlying habeas petition are not moot. The Court therefore CONVERTS the TRO into a Preliminary Injunction on the same terms. Respondents are ENJOINED from re-detaining Petitioner unless they comply with the process required under 8 C.F.R. §§ 241.4(1)(1), 241.13(i). A separate Preliminary Injunction shall issue.

IT IS SO ORDERED.

DATED: October 21, 2026

HON. ANNA Y. PARK
UNITED STATES MAGISTRATE JUDGE